21-169-cv
*Frilando v. N.Y.C. Transit Auth.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

       **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand twenty-two.**

PRESENT:    JOSÉ A. CABRANES,
              GERARD E. LYNCH,
              DENNY CHIN,
                      *Circuit Judges.*

_____

KENNETH FRILANDO,

        *Plaintiff-Appellant*,

        v.                                        21-169-cv

NEW YORK CITY TRANSIT AUTHORITY and MANHATTAN AND BRONX SURFACE TRANSIT AUTHORITY,

        *Defendants-Appellees,*

METROPOLITAN TRANSIT AUTHORITY,

        *Defendant.*

_____

**FOR PLAINTIFF-APPELLANT:**        DAVID JOHN HOMMEL (Andrew Rozynski, *on the brief*), Eisenberg & Baum, LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:**  BETH L. KAUFMAN, Schoeman Updike Kaufman & Gerber LLP, New York, NY.

Appeal from an order and judgment, entered January 13, 2021, by the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 13, 2021 order and judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiff Kenneth Frilando appeals from an order and final judgment entered by the District Court in favor of Defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Authority (together, "Defendants). Frilando, who is "profoundly deaf" and whose primary language is American Sign Language ("ASL"), J. App'x 55-56, submitted applications to Defendants for three jobs: train operator, track worker, and bus operator. As an accommodation for his disability, Frilando requested, *inter alia*, ASL interpretation of the pre-employment exams required as part of the job applications for the three jobs. Defendants offered to provide ASL interpretation for the exam instructions but refused to provide the interpretation for the exam questions and answers. Frilando then filed suit, alleging violations of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 701 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. After the District Court (Lorna G. Schofield, *Judge*) ruled on cross-motions for summary judgment, *see Frilando v. N.Y.C. Transit Auth.*, 463 F. Supp. 3d 501 (S.D.N.Y. 2020) ("*Frilando I*"), the case was reassigned to Judge Rakoff. Following a four-day bench trial, the District Court issued its findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure and granted judgment in favor of Defendants. *See Frilando v. N.Y.C. Transit Auth.*, 513 F. Supp. 3d 356 (S.D.N.Y. 2021) ("*Frilando II*"). Frilando now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"On appeal from a bench trial, we accord considerable deference to a district court's findings of fact, which we will reverse only for clear error." *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010). "We review [a district court's] conclusions of law, or mixed fact and law, *de novo.*" *Id.*

On appeal, Frilando first argues that the District Court erred in concluding that he was not "otherwise qualified" for the train operator, track worker, and bus operator positions. Each of the statutes at issue in this appeal require an individual be "otherwise qualified" to succeed on a failure-to-accommodate claim. *See Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99, 103-04 (2d Cir. 2003) (ADA and NYSHRL); *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 274-75 (2d Cir. 2009)

2

(Rehabilitation Act).[1] In the employment context, this requirement applies not just to current employees, but also to job applicants like Frilando. *Williams v. MTA Bus Co.*, No. 20-2985, — F. 4th —, 2022 WL 3330099, at \*8-11 (2d Cir. Aug. 12, 2022). "[A]n individual is otherwise qualified for a job if she is able to perform the essential functions of that job, either with or without a reasonable accommodation." *Shannon*, 332 F.3d at 99-100 (internal quotation marks omitted). When applying this standard, "a court must give considerable deference to an employer's judgment regarding what functions are essential for service in a particular position" and keep in mind that "[a] reasonable accommodation can never involve the elimination of an essential function of a job." *Id.* at 100 (cleaned up).

Here, the District Court found that the ability to communicate in English and the ability to hear sounds were essential functions of the three positions. *Frilando II*, 513 F. Supp. 3d at 364. It further concluded that Frilando "is not qualified for any of the positions for which he applied, both because, as he concedes, he cannot understand or be understood in spoken English, and because trial testimony shows that [he] cannot satisfy the minimum hearing standard for any position." *Id.* (citations omitted). There is ample support for these findings in the record and we see no reason to disturb them. In arguing otherwise, Frilando points to evidence showing that a handful of track workers may not have worked on tracks and may have performed administrative or other tasks instead. *See* Pl.'s Br. 44-45; *see also* J. App'x 808 (a report showing that of approximately 1,791 track workers, "approximately 9 employees . . . perform various administrative functions in various office settings, transportation operations[,] and in the union offices"). We do not think that this is enough to overturn the District Court's conclusions about the essential functions of the track worker position, especially in light of overwhelming evidence in the record that the capacity to communicate in English and hear sounds are essential, and not merely marginal, abilities for each of the jobs in question. This is not a case where, for example, the record shows that all or even most track workers did not have to communicate in English or hear sounds in order to perform the essential functions of their jobs. *See Stone v. City of Mount Vernon*, 118 F.3d 92, 100 (2d Cir. 1997) (holding that a factfinder could infer that "the ability to engage in fire-suppression activities is marginal" and not essential to certain positions on "light-duty" bureaus of a fire department when there was no

---

[1] The NYCHRL also requires that "a plaintiff bringing a disability discrimination claim in the employment context must be able to perform the essential functions of the job with or without accommodations." *Williams v. MTA Bus Co.*, No. 20-2985, — F. 4th —, 2022 WL 3330099, at \*17 (2d Cir. Aug. 12, 2022). Instead of making "the plaintiff's qualification for the position [be] an element of a prima facie case," however, the NYCHRL makes the plaintiff's qualification something which "may be disproven by the employer as an affirmative defense." *Id.*; *see* N.Y.C. Admin. Code § 8-107(15)(b) ("In any case where the need for reasonable accommodation is placed in issue, it shall be an affirmative defense that the person aggrieved by the alleged discriminatory practice could not, with reasonable accommodation, satisfy the essential requisites of the job . . . .").

evidence that any person employed in those bureaus had ever been called on to perform fire-suppression activities).

Frilando further argues that, even if he was not otherwise qualified for the three positions, we "need only consider whether [he] is eligible to take [the] pre-employment test." Pl.'s Br. 35. In other words, Frilando argues, we need only inquire into whether Frilando was "otherwise qualified" to be a test-taker, and not whether he was "otherwise qualified" for the three positions for which he sought employment. In our recent decision in *Williams*, we squarely rejected this argument as it was raised by the similarly-situated plaintiff in that case. Just as in *Williams*, here too, Frilando "was not an . . . employee [of Defendants] — and thus did not hold an 'employment position' — in his capacity as 'test-taker.'" *Williams*, — F. 4th at —, 2022 WL 3330099, at *12. To successfully raise a failure-to-accommodate claim under these circumstances, therefore, Frilando needs to be "otherwise qualified" to serve as a train operator, track worker, or bus operator, and not merely as a test-taker. We therefore find no error in the District Court's conclusion that Frilando's claims must be dismissed.

## CONCLUSION

We have considered all of Frilando's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the January 13, 2021 order and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court